FILED
03 JUN 23 PM 2:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

Raymond L. Johnson, Jr., Esq. (JOH100)
THOMAS MEANS GILLIS & SEAY, PC
505 20th Street N.
Financial Center, Suite 1035
Birmingham, Alabama 35237
Telephone: (205) 328-7915
Fax No. (205) 214-6160

Stephen J. Herman, Esq. (*pro hac vice*)
David A. McKay, Esq. (*pro hac vice*)
HERMAN MATHIS CASEY KITCHENS & GEREL, LLP
230 Peachtree Street, NW, Suite 2260
Atlanta, Georgia 31401
Telephone: (404) 880-9500
Fax No. (404) 880-9605

Peggy J. Reali, Atty. (*pro hac vice*)
FINKELSTEIN & KRINSK
501 W. Broadway - Suite 1205
San Diego, California 92101
Telephone: (619) 238-1333
Fax No. (619) 238-5425

*Attorneys for Plaintiff*
*Roland H. Bickley on Behalf of the Georgia Pacific Plan*
*(Additional Counsel Listed on First Amended Complaint)*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROLAND H. BICKLEY, on behalf of Georgia Pacific Corporation Life Health and Accident Plan, and all other similarly situated Plans, ) ) ) ) ) | RRA<br>Case No. 02-CV-2197 |
| Plaintiff, ) ) | |
| Versus ) ) | Hon. Robert R. Armstrong, Jr.<br>United States Magistrate Judge |
| CAREMARK, RX, INC., and ) CAREMARK, INC. ) ) | **SECOND AMENDED COMPLAINT** |
| Defendants. ) | |

87

## SECOND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Roland H. Bickley on behalf of the Georgia Pacific Corporation Life Health and Accident Plan, and, pursuant to the Court's Order dated June 6, 2003, respectfully amends his First Amended Complaint as follows:

I.

Plaintiff fully incorporates and re-asserts the allegations in the First Amended Complaint.

II.

In addition, Plaintiff respectfully supplements and amends the First Amended Complaint by adding the following Paragraphs 8-A thru 8-E:

"8-A.   There exists no 'administrative remedy' for the claims asserted herein. The claims procedure defined in the Georgia Pacific Summary Plan Description ("SPD") applies solely to claims for benefits. The Plan expressly provides that a participant who believes that a fiduciary has violated his or her statutory duties 'may file suit in Federal court.' Further, the administrative procedures outlined in the Georgia Pacific SPD pertain to claims by participants and beneficiaries for individualized benefits or other relief from the Plan; in this case, by contrast, the claim is made on behalf of the Plan itself against a third-party fiduciary, for relief due and owing to the Plan as a whole.

"8-B.   In addition, and in the alternative, submission to an 'administrative procedure' would be futile. While Defendants have suggested in Motion papers that an administrative claim should be presented to Georgia Pacific as Plan Administrator, the Georgia Pacific SPD provides that claims for prescription drug benefits should be submitted to Caremark, as the prescription drug Benefits Claims Processor. Defendants have been unable and/or unwilling to identify the person or entity to

which, they contend, Plaintiff's claim is to be submitted; the form of the submission; the evidence to be considered; the discretion, if any, on the part of the person or entity resolving the claim to determine whether Defendants were, in fact, ERISA fiduciaries; the burden of proof; nor, in the event Plaintiff prevailed, how Defendants contend relief is to be effectuated. Neither Georgia Pacific nor Caremark has the authority or discretion to determine whether either Defendant is an ERISA fiduciary. Caremark has not established any administrative procedure for the resolution of these types of claims. Georgia Pacific does not have the power, authority, or discretion to grant, order, compel, or otherwise effectuate relief.

"8-C. In addition, and in the alternative, submission to an 'administrative procedure' would be unable to provide adequate relief. Neither Georgia Pacific nor Caremark has the authority or discretion to determine whether either Defendant is an ERISA fiduciary. Caremark has not established any administrative procedure for the resolution of these types of claims. Georgia Pacific does not have the power, authority, or discretion to grant, order, compel, or otherwise effectuate relief.

"8-D. In addition, and in the alternative, there was no requirement to exhaust administrative remedies when this case was filed in the United States District Court for the Central District of California. *See, e.g., Fujikawa v. Gushiku,* 823 F.2d 1341 (9th Cir. 1987); *Amaro v. Continental Can Co.,* 724 F.2d 747, 751 (9th Cir. 1984); *see also, Kayes v. Pacific Lumber,* 51 F.3d 1449, 1462-1463 (9th Cir. 1995).

"8-E. In addition, and in the alternative, the defense of failure to exhaust was not raised by Motion to Dismiss when this case was originally transferred (on a Rule 12 Motion to Dismiss for Improper Venue) in the District Court of California, and has therefore been waived.

III.

In addition, Plaintiff respectfully supplements and amends Paragraph 12 of the First Amended Complaint as follows:

"12. Mr. Bickley is a participant in and beneficiary of the Georgia Pacific Prescription Drug Plan. Mr. Bickley brings this action on behalf of the Georgia Pacific Plan, (and similarly situated plans), in accordance with ERISA §§ 409 and 502(a)(2) and/or 502(a)(3). Mr. Bickley believes and alleges that he has been statutorily vested, by Congress, with the procedural capacity and representational standing to prosecute a cause of action on behalf of the Plan, irrespective of whether he himself has suffered a loss or injury, (much in the same way that an executor has standing to assert a claim for an estate, or a guardian *ad litem* has standing to assert a claim for a minor, irrespective of whether the executor or guardian has, himself or herself, suffered a concrete and individualized injury or harm). Nevertheless, out of an abundance of caution, Plaintiff alleges the following types of actual or imminent injury in fact to Mr. Bickley himself (and other plan participants and beneficiaries) which are fairly traceable to Defendant's illegal conduct, as alleged herein:

    a. Mr. Bickley has contributed and continues to contribute to the purchase of drugs directly in the form of co-payments.

    b. Mr. Bickley has contributed and continues to contribute to the purchase of drugs directly in the form of deductibles, monthly payroll deductions, and/or other premiums or payments to retailers, mail order services, Defendants and/or the Georgia Pacific Plan.

    c. Defendant, by engaging in self-dealing and/or other prohibited transactions, is unjustly enriched with rebates, administrative fees, "spreads", and other unlawful and unreasonable compensation, which Defendant receives in consideration for drugs which are purchased in whole or in part with those co-payments, deductibles, and/or other payments or contributions paid by Mr.

Bickley.

d. Mr. Bickley, upon information and belief, has been "switched" by Caremark from one drug to another, which, upon information and belief, result in: (a) unjust enrichment to the defendant with payments made, in whole or in part, by Mr. Bickley; (b) increased expense to Mr. Bickley; and/or, (c) less effective pharmaceuticals.

e. In addition, and in the alternative, Defendant's course of conduct poses an actual and/or imminent threat to Mr. Bickley that he will be "switched" by Caremark from one drug to another, which, upon information and belief, will result in: (a) unjust enrichment to the defendant with payments made, in whole or in part, by Mr. Bickley; (b) increased expense to Mr. Bickley; and/or, (c) less effective pharmaceuticals.

f. Mr. Bickley, upon information and belief, has paid a higher level of co-payments, as a result of Defendant's conduct, in order to offset the resulting additional costs.

g. Mr. Bickley, upon information and belief, has received a reduction in employment benefits and/or other compensation from Georgia Pacific to offset the additional costs to the Plan for the purchase of prescription medication as a result of Defendant's conduct as alleged herein.

h. As a direct and proximate result of Defendant's conduct, the Plan has suffered and will continue to suffer losses, which poses an actual and/or imminent threat to Mr. Bickley that there will be inadequate funds in the Plan to cover the premiums or other costs of Mr. Bickley's prescription medication.

i. As a direct and proximate result of Defendant's conduct, the Plan has suffered and will continue to suffer losses, which poses an actual and/or imminent threat to Mr. Bickley that: (a) Mr. Bickley will be required to contribute higher co-payments, monthly contributions, and/or other contributions to the Plan, (b) other employment benefits will be reduced to offset the additional expenses to the Prescription Drug Plan, and/or (c) the Plan will be discontinued or terminated altogether.

j. Based on a reasonable investigation of Defendant Caremark and the PBM industry, Mr. Bickley believes and alleges that Defendant sold his personal information to various parties, for various fees or other compensation.

k. Mr. Bickley has a legally protected interest in having his employee benefit

       plan administered and managed by fiduciaries who are loyal and who do not engage in self-dealing or other prohibited transactions; such conduct, in and of itself, has been recognized to constitute actual and/or imminent injury in fact; Mr. Bickley has standing, in this regard, to have the breaching fiduciary removed and/or to enjoin ongoing unlawful practices.

l.    Subject to ERISA's anti-inurement provisions, any monetary recovery obtained as a result of this suit cannot inure to the benefit of Georgia Pacific, but must be held in trust and used for the exclusive benefit of plan participants and beneficiaries, such as and including Mr. Bickley. 29 U.S.C. §§1103(a), 1103(c)(1), and 1104(a)(1)(A)(i).

m.    The specific damages flowing to participants and beneficiaries such as and including Mr. Bickley are better known to Defendants than to Plaintiff.

o.    Plaintiff makes these allegations in accordance with the liberal notice pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, which will be further clarified in discovery, in accordance with the liberal discovery provisions permitted by Rule 26 of the Federal Rules.

p.    As noted by the U.S. Second Circuit Court of Appeals, "the fiduciary has a virtual monopoly of information concerning the transaction in question" and "is in the best position to demonstrate the absence of self-dealing." *Lowen v. Tower Asset Management*, 829 F.2d 1209, 1215-1216 (2d Cir. 1987)."

### Prayer for Relief

**WHEREFORE** Plaintiff respectfully prays that the First Amended Complaint, as supplemented and amended by this Second Amended Complaint, be deemed good and sufficient, and that, after due proceedings be had, there be a class action certified in accordance with Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, and that, after further proceedings be had, there be Judgment entered herein, in favor of Plaintiff, Roland H. Bickley on behalf of the Georgia Pacific Prescription Drug Plan, and against Defendants, Caremark Rx Inc. and Caremark, Inc.:

      a.    Declaring that (1) Caremark Rx, Inc. and/or Caremark Inc. are fiduciaries under ERISA; and (2) Caremark Rx, Inc. and/or Caremark Inc. have breached their fiduciary duties to the Plans;

      b.    Enjoining Caremark Rx, Inc. and/or Caremark Inc. from engaging in the unlawful activities described herein;

      c.    Requiring that Caremark Rx, Inc. and/or Caremark Inc. account to the Plans for (1) all Plan assets Caremark Rx, Inc. and/or Caremark Inc. have retained for their own benefit and use; and (2) all profits earned by Caremark Rx, Inc. and/or Caremark Inc. through their unlawful activities;

      d.    Requiring that all sums due to the Plans from Caremark Rx, Inc. and/or Caremark Inc. pursuant to such accounting be placed in a constructive trust for distribution of the Plans;

      e.    Requiring Caremark Rx, Inc. and/or Caremark Inc. to account for and restore all losses suffered by the Plans;

      f.    Requiring that Defendants pay Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action; and

      g.    Awarding any other general, equitable, or remedial relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

_____
Raymond L. Johnson, Jr., Esq. (JOH100)

**THOMAS MEANS GILLIS & SEAY, PC**
505 20th Street N.
Financial Center, Suite 1035
Birmingham, Alabama 35237
Telephone: (205) 328-7915
Fax No. (205) 214-6160

**Stephen J. Herman** (*Pro Hac Vice*)
**HERMAN MATHIS CASEY KITCHENS & GEREL**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024

**Peggy J. Reali** (*Pro Hac Vice*)
**FINKELSTEIN & KRINSK**
501 W. Broadway - Suite 1205
San Diego, California 92101
Telephone: (619) 238-1333
Fax No. (619) 238-5425

**David A. McKay** (*Pro Hac Vice*)
**HERMAN MATHIS CASEY KITCHENS & GEREL**
230 Peachtree Street, NW, Suite 2260
Atlanta, Georgia 31401
Telephone: (404) 880-9500
Fax No. (404) 880-9605

**Timothy J. Becker** (*Pro Hac Vice*)
**ZIMMERMAN REED PLLP**
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**Counsel for Plaintiff, Roland H. Bickley
On Behalf of the Georgia Pacific Prescription Plan**

*(Additional Counsel Listed
   on First Amended Complaint)*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

Michael W. Atchison
Starnes & Atchison, L.L.P.
P.O. Box 598512
Birmingham, AL 35259-8512

Peggy Reali
Finkelstein & Krinsk
Peggy Reali
Finkelstein & Krinsk
501 W. Broadway, Suite 1250
San Diego, CA 92101

David McKay
Herman, Mathis, Casey, Kitchens & Gerel, LLP
230 Peachtree Street, Suite 2260
Atlanta, GA 30303

Steve Herman
Herman, Mathis, Casey, Kitchens & Gerel, LLP
230 Peachtree Street, Suite 2260
Atlanta, GA 30303

Frank E. Pasquesi
Ungaretti & Harris
3500 Three First National Plaza
Chicago, IL 60602

Robert H. Griffith
Ungaretti & Harris
3500 Three First National Plaza
Chicago, IL 60602

This the 23 day of June, 2003.

OF COUNSEL