FILED
2005 Feb-10  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ROLAND H. BICKLEY, on behalf of Georgia Pacific Corporation Life Health and Accident Plan, and all other similarly situated Plans,** ) ) ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No.: CV-02-VEH-2197-S** |
| ) | |
| **CAREMARK, RX. INC., and** ) | |
| **CAREMARK, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION
### (PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT)

Plaintiff Roland H. Bickley ("Bickley") filed on January 10, 2005, a F.R.Civ.P. 59(e) Motion to Alter or Amend the Judgment (Memorandum Opinion and Order) dismissing this action. The action was dismissed for three (3) reasons:

(1) without prejudice for failure to exhaust administrative remedies; and in the alternative because

(2) Bickley lacks standing to assert derivative claims of the ERISA plan, and

(3) as to Bickley, the Caremark defendants are not ERISA fiduciaries.

Defendants filed a Response to Bickley's Motion on January 20, 2005. The court has considered the points and authorities offered by both sides.

The court will treat Bickley's Motion as both a Rule 59(e) and a Rule 60(b)(6) motion. The gravamen of Bickley's motion is that, having decided that exhaustion was required, it was error for the court to rule on the issues of standing and fiduciary status because, in doing so, the court was rendering an advisory opinion and also because, having decided to dismiss the action on exhaustion

grounds, the interests of judicial economy would be better served by not reaching the standing and fiduciary status issues.   Bickley seeks an Amended Order dismissing the Second Amended Complaint ("SAC", doc. 88) without prejudice on the grounds of failure to exhaust administrative remedies, and for no other reasons.

Defendants in their Response say Bickley's Motion is improperly brought under F.R.Civ.P. 59(e); the court properly addressed all bases for dismissal, and the dismissal serves, rather than frustrates, judicial economy.

<u>Discussion</u>

A.  Rule 59(e)

Rule 59(e) covers a wide range of motions; the major limitation is that the motion must be addressed to substantive alteration of the judgment, not clerical error.  *Wright, Miller, Kane, Federal Practice and Procedure* § 2810.1 (1995).  There are four basic grounds for the motion:

- correction of manifest errors of law or fact;

- newly discovered or previously unavailable evidence;

- prevention of manifest injustice; and

- an intervening change in controlling law.

*Id*.  A Rule 59(e) motion may not be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.  *Id*.  And, while the court enjoys considerable discretion in its decision, granting a Rule 59(e) motion is an extraordinary remedy which should be used sparingly.  *Id*.  (Citations omitted).

The court does not believe it would be an appropriate exercise of its discretion under Rule 59(e) to grant the motion in whole or in part.  Whether the court's ruling is correct or incorrect, the

2

parties and the court have invested a considerable amount of time and resources in the motions(s) to dismiss.  Both sides have briefed them exhaustively, filling binders with authority from around the country.  The action itself seeks national class action status, the issues ruled upon are all but certain to be reviewed by the Court of Appeals, and probably by the Courts of Appeals in other circuits.  If this court's ruling is incorrect and the Plaintiff entitled to proceed with his claims, all the affected parties' interests will be served by earlier, not later, appellate review of all the bases for dismissal.  The parties joined issue on the three (3) bases for dismissal (exhaustion, standing, and defendants' ERISA fiduciary status), and the Court of Appeals could affirm or reverse the court's ruling in whole or in part on one, two, or all three bases.  Amending the Order so that only the failure to exhaust is left strikes the court as the most inefficient approach, because it all but guarantees that these claims will be asserted again.  They just won't be made to this Judge.

The Defendants also have the better of the argument on the motion when they say that Bickley is seeking to relitigate, because granting the motion would in effect give Bickley, or someone like him, the opportunity to make the identical claims again.  Whether that would happen in this court or some other court is irrelevant: the issues were framed, the arguments made, and the court's ruling, right or wrong, entered.

Finally, the court does not believe any part of its Order dismissing this action was advisory.  The parties placed these issues before the court and asked for a favorable ruling thereon.  While Bickley is probably correct when he says the court could have decided the matter only on exhaustion grounds, that is not the same as saying that once the court decided the action should be dismissed for failure to exhaust administrative remedies, it was then constitutionally prohibited from reaching the standing and fiduciary status issues.  The court disagrees.

3

Cognizant of the practice that Rule 59(e) motions are infrequently granted, and finding no reasons to exercise its discretion otherwise, the court is of the opinion that Bickley's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) should be denied.

B.  Rule 60(b)(6)

Rule 60 governs motions to alter or amend judgments.  Provisions (1) - (5) of Rule 60 cover specific enumerated situations that, construing the Plaintiff's Motion liberally, are not present.  Rule 60(b)(6) provides for relief for "any other reason justifying relief from the judgment".  It does not have a time limit within which it must be made.

The courts have not granted relief where the grounds asserted are otherwise time barred, e.g. 60(b)(1) - (3).  *See, e.g. Toole v. Baxter Healthcare Corp*., 235 F.3d 1307 (11th Cir. 2002) (new scientific evidence already ruled insufficient in a motion for new trial based on newly discovered evidence).  Reasons that have resulted in relief include fraud by the movant's counsel, settlement agreements, reopening of settlements when the ends of justice so required, relief from appeal time deadlines when notice of judgment had not been received (until 1991, when the Rules were amended to cover that specific situation).  The Court of Appeals has sanctioned the use of 60(b)(6) to set aside a judgment entered by a district court as a sanction for failure to respond to discovery; there had been no order compelling the discovery.  *United States v. Certain Real Propety Located At Route 1, Bryant, Alabama*, 126 F.3d 1314 (11th Cir. 1997).  Other cases have set aside default judgments after the expiration of a year where the circumstances were sufficiently unusual or the failure to do so would result in such an injustice that relief was warranted.  *See, generally Wright, Miller, Kane, Federal Practice and Procedure* § 2864 (1995), and cases collected therein.

Having reviewed the Motion's facts and the collected cases under Rule 60(b)(6), the court

4

does not believe Bickley has set out grounds for relief under Rule 60(b)(6).

A separate Order shall issue.

Entered on February 10, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge